JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

ED

| | |
|---|---|
| **CASE NO.:** CV 12-02233 SJO (DTBx) | **DATE:** December 20, 2012 |
| **TITLE:** Anthony Cardwood v. Fatimah Sharif Muhammad, et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                  Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                       Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO SAN BERNADINO COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendants Fatimah Sharif Muhammad and Chayo Briggs's ("Defendants") Notice of Removal ("Notice"), filed December 18, 2012. For the following reasons, the Court **REMANDS** this action to the Superior Court of California for the County of San Bernardino ("State Court").

I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant possessed real property located at 13204 Cardinal, Victorville, CA 92392 ("Property") (Notice Ex. 1.) Plaintiff Anthony Cardwood ("Plaintiff") brought action against Defendants in State Court for unlawful detainer of the Property. (Notice 2.) On December 18, 2012, Defendants removed this action to federal court, asserting removal jurisdiction pursuant to 28 U.S.C. § 1331. (*See generally* Notice.)

II.  DISCUSSION

"[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Court finds it appropriate to determine, *sua sponte*, whether it has subject matter jurisdiction over this action.

28 U.S.C. § 1441 provides that a defendant may remove an action to federal court only where the federal court would have had jurisdiction if the action had been brought there originally. 28 U.S.C. § 1441(a). It is well established that courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The strong

Case 5:12-cv-02233-SJO-DTB Document 5 Filed 12/20/12 Page 2 of 2 Page ID #:24

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: ED CV 12-02233 SJO (DTBx)     DATE: December 20, 2012

presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense to a state-law claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" such that a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

The Court has no subject matter jurisdiction over this case based on the well-pleaded complaint rule. Defendants' own description of the Complaint indicates that Plaintiff brought this case in state court for unlawful detainer; Defendants never allege that Plaintiff raised any issues of federal law in its Complaint. (*See generally* Notice.) Instead, Defendants improperly seek to assert federal question jurisdiction based on their own assertions of rights under the U.S. Constitution. (Notice 1-2.) Defendants may not usurp Plaintiff's complaint by attempting to add federal issues in their defense. The Court therefore does not have subject matter jurisdiction over the case, and removal was improper.

III.     RULING

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California for the County of San Bernardino. This action shall close.

IT IS SO ORDERED.

```
cc: order, docket, remand letter to San Bernardino Count
Superior Court, Victorville, No. UDVS 1202996
```